UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIENDI MORGAN,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN, *et al.*,<br><br>  Defendants. | Case No. 2:21-cv-00427-KJM-JDP (PS)<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>SCREENING ORDER AND ORDER TO SHOW CAUSE WHY PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION<br><br>ECF No. 1<br><br>RESPONSE DUE WITHIN 30 DAYS |

Plaintiff applied for legal guardianship of a minor in her custody, but custody was denied and the minor was removed from her care, allegedly because of false reporting by San Joaquin County social workers. Plaintiff seeks custody of the child and $1.5 million in damages, alleging various federal constitutional violations as well as state law claims. Because this court does not have jurisdiction to overturn state custody determinations, I will order plaintiff to show cause why this case should not be dismissed.

1

Plaintiff moves to proceed without prepayment of filing fees, ECF No. 2. Plaintiff's affidavit satisfies the requirements to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a). Thus, the motion, ECF No. 2, is granted.

Having granted plaintiff's motion to proceed *in forma pauperis*, this complaint is now subject to screening under 28 U.S.C. § 1915(e). A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

The Rooker-Feldman doctrine prohibits this court from exercising subject matter jurisdiction over any case that is so "inextricably intertwined" with a state court judgment that the federal case would function as a de facto appeal of a state judgment. *Cooper v. Ramos*, 704 F.3d 772, 778-79 (9th Cir. 2012). A case is "inextricably intertwined" with a state court judgment "[w]here federal relief can only be predicated upon a conviction that the state court was wrong." *Id.* at 779 (internal quotation marks and citations omitted). Under the Rooker-Feldman doctrine, federal courts lack jurisdiction to evaluate the propriety of state-court decisions regarding the

1  validity or extent of parental rights. *See Ismail v. County of Orange*, 693 F. App'x 507, 512 (9th
2  Cir. 2017) (holding that the Rooker-Feldman doctrine barred the plaintiff's § 1983 claims against
3  county social workers for constitutional violations relating to submitting false reports to the
4  juvenile court that terminated the plaintiff's parental rights); *Safouane v. Fleck*, 226 F. App'x
5  753, 758 (9th Cir. 2007) (affirming dismissal under the Rooker-Feldman doctrine, based on the
6  federal court's lack of jurisdiction to determine the validity of state court parental rights
7  proceedings).

8  In *Ismail*, plaintiff appealed the district court's dismissal of her claims against the county,
9  social workers employed by the county, and the adoptive parents of her biological child. *Ismail*,
10 693 F. App'x at 509.  Plaintiff claimed that social workers had "deprived her of various
11 constitutional rights by submitting false reports to the juvenile court," resulting in erroneous
12 determinations by the court. *Id.*  On de novo review, the Ninth Circuit upheld dismissal of those
13 claims under the Rooker-Feldman doctrine, reasoning that plaintiff's claims of fraud could have
14 been raised in state court—and indeed had been raised there. *Id.* at 510.

15 Here, plaintiff seeks to regain custody of a child despite state court proceedings that
16 terminated her parental rights.  Plaintiff claims that social workers made false statements, as was
17 alleged in *Ismail*.  This court does not have jurisdiction over constitutional claims regarding the
18 termination of parental rights in state court proceedings.  Therefore, plaintiff is ordered to show
19 cause why this case should not be dismissed for lack of jurisdiction.[1]  Failure to respond to this

---

[1] Plaintiff also asserts various state law claims.  In a civil action where a district court has original jurisdiction but the claims over which the federal court has original jurisdiction are abandoned or dismissed, the court "may decline to exercise supplemental jurisdiction" over the related state law claims.  28 U.S.C. § 1367(c).  The decision to retain or decline jurisdiction must be made in light of "the objectives of economy, convenience and fairness to the parties, and comity."  *Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925, 64 F. App'x 60 (9th Cir. 2003).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  If a plaintiff does not state any federal claims, the court will decline to exercise supplemental jurisdiction over her state law claims.  *Parra v. PacifiCare of Ariz. Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) ("[O]nce the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining claims.").

order will result in dismissal of this case.

Accordingly, it is hereby ordered that:

1. Plaintiff's motion to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is ordered to show cause within thirty days as to why this case should not be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:    November 2, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4